**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**HENRY BUNCH**                                                                                          **PETITIONER**

**VS.**                               **CASE NO. 5:08CV00132 JMM/HDY**

**LARRY NORRIS, Director of the
Arkansas Department of Correction**                                           **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Henry Bunch, an inmate in the custody of the Arkansas Department of Correction (ADC). Mr. Bunch was convicted following a jury trial in Washington County Circuit Court on the charges of three counts of attempted capital murder, possession of a firearm by a felon, theft by receiving, possession of methamphetamine, possession of pseudoephedrine with intent to manufacture methamphetamine, and simultaneous possession of drugs and firearms. He was deemed an habitual offender and sentenced to an aggregate term of 780 eight months of imprisonment. On direct appeal, the Arkansas Court of Appeals considered the two claims[1] of Mr. Bunch and affirmed the trial court's verdicts. *Bunch v. State*, 94 Ark. App. 247 (2006). Mr. Bunch then sought Rule 37 relief with the trial court, which denied relief. Mr. Bunch appealed this decision to the Arkansas Supreme Court, which found that the Rule 37 petition filed by the petitioner was not verified as required by Rule 37.1 of the Arkansas Rules of Criminal Procedure. *Bunch v. State*, 370 Ark. 113 (2007). On July 10, 2007, Mr. Bunch filed a petition to correct an illegal sentence with the trial court. The trial court denied relief, and the petitioner appealed to the Arkansas Supreme Court, which affirmed the trial court in a February 21, 2008, opinion. *Bunch v. State*, 28 WL 451197 (Ark).

---

[1] Mr. Bunch argued that the trial court erred in failing to merge his aggravated robbery sentence into one of the counts for attempted capital murder, and that the trial court erred by failing to instruct the jury that he would be eligible for parole after serving seventy percent of his sentence for aggravated robbery.

In the petition now before the Court, the following grounds for relief are advanced:

1. Petitioner was denied review of his Rule 37 petition by the Arkansas Supreme Court even though an objectionable factor existed;

2. Petitioner received ineffective assistance of counsel in the following ways:
    a. Counsel refused to prepare and present petitioner's defense;
    b. Counsel failed to procure material witnesses;
    c. Videos from police care were not properly shown to the jury;
    d. Counsel failed to object to the introduction of petitioner's prior criminal history during the guilt phase of the trial;
    e. Counsel denied petitioner the right to testify during the guilt phase of the trial;
    f. Petitioner filed a complaint against counsel resulting in a conflict of interest because counsel did not have petitioner's best interest in mind;
    g. Counsel failed to present defense regarding video of Brian Webb;
    h. David Roberts, appointed to the case shortly before trial, did not present petitioner's defense;
    I. Counsel failed to present the fact that petitioner was a confidential informant which, if presented, might have changed the outcome of the trial;
    j. Counsel failed to object to the illegal use of force;
    k. Counsel should have presented the fact that petitioner was purchasing the pseudoephedrine for another person due to circumstances beyond his control; and
    l. Counsel should not have allowed petitioner's statement to be presented to the jury.

3. The prosecutor incorrectly introduced evidence of prior criminal history to the jury during the guilt phase of the trial; and

4. The chain of custody, with regard to the methamphetamine, was broken.

The respondent contends that these grounds are not properly before this Court due to the petitioner's failure to adequately raise the grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. By previous Court Order, the petitioner was notified that dismissal due to procedural default was possible, and the petitioner was invited to explain why the procedural default doctrine should not apply in this case. The petitioner responded, explaining that he was not provided with the proper version of the Arkansas Court Rules and therefore was unable to comply with the verification requirements. In our earlier Order of September , 2008, we found that Mr. Bunch was indeed unable to comply with the state procedural requirements. As a result, we asked the respondent to address the merits of ground two. (The second ground raised by Mr. Bunch was the only claim that could have been raised in a Rule 37 proceeding. Therefore, grounds one, three and four were not affected by any impediment to the filing of the Rule 37 petition.) The

3

respondent has addressed ground number two, and has filed the trial transcript with the Court. We now consider the claims of Mr. Bunch, first addressing any claims which are procedurally barred.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

As previously mentioned, grounds one, three and four are claims which were not advanced in state court. The petitioner does not establish why claims three and four were not advanced in state court. Both of these claims could have, but were not, presented on direct appeal. In addition to failing to establish some "cause" for failing to present grounds three and four, the petition also fails

to show any prejudice from not advancing these claims. A review of the trial transcript shows that these claims would not have disturbed the verdicts had the claims been advanced on appeal. As a result of unexcused failure to advance grounds three and four in state court, we recommend these grounds be dismissed as procedurally barred.

Ground one was also not advanced in state court. This claim was not available on direct appeal, since it is a claim that Mr. Bunch was denied an appeal of his Rule 37 petition. Assuming for the sake of argument that Mr. Bunch is correct that he was denied his Rule 37 appeal, we find no prejudice accrued to him. Our finding is based upon a thorough review of the trial record. In his Rule 37 petition and amended Rule 37 petition, Mr. Bunch advanced fifteen claims of ineffective assistance of counsel. Many of the claims focused on the allegation that Bunch's trial attorneys failed to adequately prepare a defense. Specifically, Bunch urged that his attorneys should have presented as a defense that Bunch was actually an undercover federal agent working for a Oklahoma federal agent investigating methamphetamine cases. Bunch claimed that his cell phone would show numerous calls to a federal agent named Scott Craig, who worked out of the Cherokee Nation Federal Marshal's Office in Tahlequah, Oklahoma[2]. Following a hearing, the trial judge made findings of fact and conclusions of law. Among other things, the trial judge found that Bunch's trial attorneys investigated his claimed defenses and concluded "said defenses were nonexistent." See petitioner's attachments to motion to enter exhibits, docket entry no. 23. The trial judge also found the conduct which gave rise to the charges was captured on video tape, and that Mr. Bunch was advised of his right to testify and chose not to do so. The trial judge concluded that Bunch's trial attorneys performed competently, and that he did not demonstrate that he suffered any prejudice due to the representation of the trial attorneys. Based upon our review of the trial transcript and the other evidence of record, we find no merit to the first claim advanced by Mr. Bunch.

We now turn to the various claims advanced, collectively, as ground two. These are all

---

[2]Scott Craig did not testify at the Rule 37 hearing. The state agreed that Mr. Craig, if called, would testify that Bunch had assisted in undercover operations in the past but was not assisting in November of 2004, when the events occurred which led to Mr. Bunch's convictions.

challenges to the effectiveness of trial counsel. As in state court, many of these claims focus on the alleged failure of counsel to introduce evidence that Mr. Bunch was a confidential informant. We treat claims 2(a), (h), (i), and (k) as one challenge dealing with the claim that counsel erred in not pursuing the strategy/defense regarding the confidential informant assertion. Although the trial court did not address each claim individually in its Order denying Rule 37 relief, it appears that the petitioner raised essentially the same claims in state court which he now raises in ground two. To the extent that the trial court made factual findings, these findings are entitled to deference if fairly supported by the record. *Murray v. Delo*, 34 F.3d 1367, 1377 (8th Cir. 1994).

In order to prove ineffective assistance of counsel, petitioner must prove that (l) his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (l983); *Ryder v. Morris*, 752 F.2d 327, 33l (8th Cir. l985). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 74l F.2d l099, ll0l (8th Cir. l984); *Bell v. Lockhart*, 74l F.2d ll05, ll06 (8th Cir. l984). This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 33l.

In assessing whether Mr. Bunch's attorneys acted unreasonably under the circumstances, we have reviewed the trial transcript. The record shows that Bunch's attorneys were faced with a challenging set of facts. The Arkansas Court of Appeals briefly summarized the facts:

> On November 14, 2004, appellant was suspected of shoplifting from the Wal-Mart store in Fayetteville. Appellant was confronted outside the store by two employees, manager Nathan Skelton, and Jarrod Nelson, the loss prevention officer. Appellant ran from them, but the employees tackled appellant and pinned him to the ground. Skelton let go of appellant's arms so that he could use his cell phone to call for additional help. As he did so, Skelton heard a loud pop and then felt something jabbing him in the stomach. Seeing that it was a gun, Skelton

>   quickly rolled away. Nelson thought that Skelton had been shot, and he continued to struggle with appellant, trying his best to keep his finger behind the trigger to prevent appellant from firing the gun. As they scuffled, appellant put the gun to Nelson's head and also to his chest, saying "I'm going to get you," and "Do you want some of this"? Nelson managed to fling the gun out of appellant's hand, and then he retreated behind a pick-up truck. Appellant retrieved the gun and fired two shots at Nelson before running away.
>
>   The police had arrived by this time and Officer Thomas Reed chased after appellant. During the chase, appellant turned and fired a single shot at Reed. A short time later appellant was found hiding behind a bush at a nearby house. Appellant was wearing two pairs of pants. The legs of the inside pair of pants were tied at the ankles with speaker wire. Numerous packages of pseudoephedrine were stuffed inside the inner pair. A baggie containing methamphetamine and a .38 revolver were found. It was later determined that the revolver had been reported as stolen.

*Bunch v. State,* 94 Ark.App. 247, 248 (2006).  Much of the action was captured on video tape, which was shown to the jury.  In addition to the foregoing, Mr. Bunch gave a statement to the Fayetteville Police Department on November 15, 2004, the day after his arrest.  This statement was recorded and introduced at trial.  (A transcript of the statement as an attachment in Volume 3 of the trial transcript.)  In the statement, some of which is incoherent, Mr. Bunch indicates that he took methamphetamine the morning of the crimes, that he shot the gun three times but did not try to kill anyone, that he never carried a gun before, and that he was working for a federal agent named Scott Craig and trying to apprehend methamphetamine dealers Rick Harlen and Marcus Darty.  Mr. Bunch's attorneys were also faced with the fact that their client had prior convictions for robbery with a dangerous weapon and for first degree burglary.  Also, Nathan Skelton, Jerrod Nelson, and Officer Thomas Reed all testified that Mr. Bunch was attempting to kill them.  (Tr. 275, 291, 308).

Faced with these facts, the attorneys for Mr. Bunch chose a strategy of attacking the most serious charges faced by their client, the three counts of attempted capital murder.  In opening arguments, Mr. Bunch's attorney conceded that he was addicted to methamphetamine and was high on the drug on November 14, 2004, when the incident occurred at the Fayetteville Wal Mart.  However, the thrust of the opening argument, and the petitioner's defense in general, was

that Mr. Bunch never really shot at Skelton, Nelson, or Reed. As Bunch's trial attorney put it in his opening argument, "I want to be real clear on one point. He shot in the air, not at anybody, no bullets were found in any buildings, cars, in the ground or anywhere else. The bullets were shot into the air. Ladies and gentlemen, Henry Bunch never intended to hurt anybody, nobody was hurt. Henry Bunch never aimed a gun or shot at anybody, nobody was shot thank God." Tr. 167. During the course of the trial, petitioner's attorneys were able to stress Bunch's position with regard to the attempted capital murder charges. Fayetteville Police Officer Christopher Moad testified that Mr. Bunch told Moad he did not intend to shoot anyone and only shot in the air. Tr. 210. Another Officer, Nathan Coy, testified that Bunch told him he was "shooting above their heads." Tr. 237. In addition, the jury heard Bunch's statement, where he asserted his lack of intent to shoot anyone. All of this testimony was countered by the direct testimony of the three individuals (Skelton, Nelson, and Reed) who were attempting to apprehend Bunch. Mr. Bunch was not called to testify. In closing argument, the petitioner's attorney again stressed "Mr. Bunch never intended that anyone was to get hurt or shot on November the 14th and nobody did on November the 14th, no one was hurt, nobody got shot thank God." Tr. 366.

After being convicted, Mr. Bunch testified at the sentencing phase of the trial, stating that he began drinking at age 10, began marijuana use at age 13, and committed robbery and went to prison at age 18. He testified that he did methamphetamine every week in prison. Released from prison in 1996, he committed burglary and returned to prison in 1997, where he remained until 2002. Mr. Bunch indicated he was addicted to alcohol and methamphetamine since he was 18 years old. Tr. 404-410. No mention was made of any undercover work for any law enforcement agency. A psychiatrist, Dr. Robin Ross, testified at the sentencing phase that Mr. Bunch was dependent on methamphetamine, alcohol, and marijuana. Dr. Ross stated that Mr. Bunch "gave reasons for his behavior but basically said yes, he knew it was wrong." Tr. 416. Mr. Bunch wanted to read a statement to the jury during the sentencing phase. The trial judge heard the statement outside of the jury's presence, and then ruled that Mr. Bunch could not read the

statement but could continue to testify. The statement does not mention undercover work for a law enforcement agency, but does deny that Bunch was attempting to kill anyone on the date in question. Tr. 418-419.

Ultimately, the jury found the petitioner was attempting to kill Skelton, Nelson, and Reed. The lesser charges were difficult to contest, given that the video tape and the physical evidence so strongly supported the charges. Even though the strategy to attack the attempted capital murder charges failed, we do not find it was an unreasonable approach given the circumstances in which Bunch and his attorneys found themselves. The approach taken was certainly strategically superior to the path of arguing that Mr. Bunch was a confidential informant. Pursuing the confidential informant strategy would have required Mr. Bunch to testify, which would have opened the door to introduce his prior felony convictions during the guilt phase of the trial. More problematic than this is the import of the alleged confidential informant status. Generously assuming that Mr. Bunch could prove he was an informant, it does not follow that this status would have excused any of his behavior on November 14, 2004. We find no merit in ground 2 (a), (h), (I), and (k), the claim that petitioner's attorneys failed him by neglecting to pursue evidence that Bunch was assisting a law enforcement official. Specifically, we find his attorneys acted reasonably under the circumstances by not trying to introduce the confidential informant status as a defense. Thus, we find that the first prong of the *Strickland v. Washington* formula was not satisfied by Mr. Bunch. Even if he cleared the hurdle of the first of the *Strickland* requirements, we find it is not reasonably probable that the outcome of the trial would have been different had his attorneys chosen his preferred strategy. Therefore, we find that the second prong of the *Strickland* formula was also not met by the petitioner.

We now consider the remaining claims of ineffective assistance of counsel. In his second claim, ground 2(b), Mr. Bunch urges that his attorneys failed to procure material witnesses. These witnesses were Scott Craig, Chris Lockhart, Joshua Baxter, Brian Webb, and Kevin Miles. Witness Craig is the alleged law enforcement officer who, according to Bunch, would have

corroborated Bunch's status as an undercover agent. We have already addressed this issue, and find no error in the decision not to call Mr. Craig.[3] Witness Lockhart is a Fayetteville bail bondsman who, according to Bunch, would have testified to contacting Mr. Craig on behalf of the petitioner. According to the petitioner, Mr. Lockhart would have testified that Craig admitted Bunch was working for Craig. Witness Joshua Baxter, according to Bunch, was at the scene of the crimes and would have testified that Mr. Bunch shot in the air. According to the petitioner, witness Brian Webb told witness Kevin Miles that "he appeared to accidentally drop his wallet at the scene to retrieve Petitioner's money, then fumbled with his wallet and left it lying at the Wal-Mart parking lot which was later confiscated by police." Petition, page 14. We find no attorney error in failing to call these witnesses, and we further find that the outcome of the trial would not have been altered by any of the testimony attributed to these individuals. Witness Baxter, if truly an objective bystander, may have aided Mr. Bunch in his effort to attack the attempted capital murder charges. However, there is no showing that Baxter's testimony would have countered the testimony of Skelton, Nelson, and Reed that Mr. Bunch attempted to shoot them. In addition, Wesley Ledbetter, a bystander from the scene, testified at trial that Bunch shot directly at one of the Wal-Mart employees, and that Ledbetter thought the Wal-Mart employee had been hit with the shot. Tr. 265-266. Even taken in its most favorable light, Baxter's proffered testimony would not have turned the tide against Mr. Bunch. There is no merit to ground 2(b).

Mr. Bunch next claims that his trial attorneys erred in failing to object when a video tape was shown at trial. According to Bunch, the video was not shown in its entirety and the unseen portion of the tape would have shown Bunch firing into the air rather than at Officer Reed. Mr. Bunch does not offer evidence to support this claim. The trial court, in its Rule 37 opinion, specifically found the "conduct which gave rise to the charges set forth in the information appeared on video tape." This factual finding is presumed to be correct, and Mr. Bunch bears the

---

[3]Sean Chandler, the Fayetteville Police officer who interviewed Mr. Bunch the day after the shootings, testified at trial that he attempted unsuccessfully to locate Mr. Craig. Tr. 320.

burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Mr. Bunch's bare assertion fails to carry the burden placed on him.  There is no merit to claim 2(c).

Mr. Bunch contends that the prosecutor informed the jury during trial that the petitioner had used a firearm in a previous robbery case and that his attorneys were ineffective for failing to object to the erroneous statement of the prosecutor.  The flaw with this argument is that the trial transcript does not support the petitioner's assertion.  The petitioner does not cite the Court to this occurrence, and a review of the transcript shows the prosecutor did not make such a statement during the trial's guilt phase.  During sentencing, the petitioner's prior felonies, including the 1983 conviction for robbery with a dangerous weapon, were properly introduced.  Mr. Bunch himself acknowledged his prior convictions during his sentencing phase testimony.  Tr. 406-409.  There is no error on the part of the petitioner's attorneys as there is no evidence that the alleged statement was made during the guilt phase of the trial.  Ground 2(d) is without merit.

For his next claim, Mr. Bunch claims he was denied of his right to testify on his own behalf during the trial.  The trial judge, in his Rule 37 Order, specifically found that "Petitioner's trial counsel advised Defendant/Petitioner of his right to testify at his trial and Defendant/Petitioner knowingly and willingly elected not to testify during the guilt phase of his trial."  This factual finding is presumed correct unless rebutted by clear and convincing evidence.  In this instance, the petitioner offers nothing more than his assertion to the contrary, and this assertion falls far short of constituting clear and convincing evidence.  Ground 2(e) is without merit.

Mr. Bunch next contends that his attorneys were ineffective due to a conflict of interest.  Specifically, the petitioner states that the trial court erred by allowing his attorneys to continue to represent him after Mr. Bunch filed a complaint against them.  A copy of Mr. Bunch's complaint against his attorneys is found in the record.  Attachment to Motion to Enter Exhibits, docket entry no. 23.  In this complaint to the Arkansas Bar Association, the petitioner complains

primarily that one of his attorneys, David Roberts, was trying to coerce him into accepting a guilty plea offer from the prosecution. The complaint, dated March 4, 2005, states that Roberts warned Bunch that he might face a lengthy jail term if he chose to go to trial. This complaint, in and of itself, does not demonstrate a conflict of interest between the petitioner and his counsel. The trial began on March 10, 2005, with a pronouncement by attorney Roberts that Mr. Bunch was ready to proceed. Tr. 97. A disagreement, even a heated disagreement, over the terms of a plea offer is not an uncommon event. There is no evidence in the record that either of petitioner's trial attorneys labored under a conflict of interest. The transcript suggests Mr. Bunch's attorneys were dealt a difficult hand and competently played that hand. The petitioner fails to establish any error due to counsel's alleged conflict of interest.

      The petitioner next urges that his attorneys erred in their effort with regard to a video tape that was introduced into evidence. According to Mr. Bunch, the video purported to show him but instead it actually showed Brian Webb. He alleges his attorneys were "made aware of these circumstances but simply refused to present petitioner's defense. . . " Petition, page 17. Even assuming the assertion to be true, it was not unreasonable for the petitioner's attorneys to choose not to emphasize some confusion in the video. Mr. Bunch himself had already admitted to the police that he was the individual who had the altercation with Skelton, Nelson and Reed. The defense offered at trial was that Bunch may have committed some crimes but not attempted capital murder; the defense Bunch subsequently suggested was that he was working undercover for law enforcement purposes. Either of these defenses would have conceded that Bunch was the person on the video tape. He does not suggest a defense of mistaken identity, in which case his attorneys may have had reason to challenge the video. Given the numerous eyewitnesses placing Bunch at the scene, there was no error in his attorneys' allowing the video to speak for itself. Indeed, it would possibly have been detrimental to his defense for his attorneys to have expended energy on this issue. There is no merit to ground 2(g).

      The petitioner next alleges his attorneys were ineffective for failing to object to the illegal

use of force. Specifically, he alleges that Wal-Mart employees Skelton and Nelson were not authorized to use the amount of force which they used to apprehend Bunch for shoplifting. Mr. Bunch's attorneys were not at fault for failing to take up this issue. The force used by the Wal-Mart employees, if excessive, might be an issue for a civil suit against them. However, Bunch's lawyers were charged with defending him against the criminal charges, and there was no benefit in pursuing this issue in the context of the criminal case. There is no merit to claim 2(j).

The petitioner contends, in ground 2(l), that counsel was ineffective for allowing petitioner's statement to be introduced at trial. Without citation, the petitioner claims that the police lied to him in order to coerce the statement, and his trial attorneys should have moved to exclude the statement on that basis. There is no merit to this claim, as the petitioner fails to demonstrate a factual basis (any proof that the police lied to him) or legal basis (any citation that the police are prohibited from doing so in order to encourage statements) for his conclusions. In addition, claims dealing with the suppression of illegally obtained statements are typically barred by *Stone v. Powell*, 428 U.S. 465 (1976). This case holds that the Constitution does not require that a state prisoner be granted federal habeas corpus relief on his Fourth Amendment claim if the state has provided an opportunity for the full and fair litigation of this claim.

The remaining claims of Mr. Bunch are somewhat intertwined with those already addressed. These claims include his assertion that counsel failed to present videos showing that Brian Webb, not Mr. Bunch, was present at the Wal-Mart, failed to challenge the chain of custody regarding the methamphetamine, failed to stress the informant defense as it pertained to the charge of intent to manufacture methamphetamine, and failed to procure material defense witnesses. These claims fail under the *Strickland v. Washington* analysis.

In summary, the trial transcript shows that Bunch was apprehended at the Fayetteville Wal-Mart in the midst of stealing ingredients to produce methamphetamine. The Wal-Mart employees who tried to corral Mr. Bunch testified he tried to kill them, as did Fayetteville Police

13

Officer Reed, who joined in the effort. Nine Fayetteville Police Officers testified at the trial, most of whom were at the scene when Bunch was apprehended. The identification evidence, both from the officers and the video tape, was insurmountable. Petitioner's statement to the police confirmed his presence and participation. Although he mentioned some involvement with a law enforcement agent in the rambling statement given to the police, there is no showing that Bunch was on duty at the time of the incident. Had he been engaged in undercover activity at the time, he makes no showing that this status would have excused him from any of the crimes for which he was convicted, especially the three counts of attempted capital murder. The strategy chosen by the defense attorneys was reasonable under the circumstances. Mr. Bunch's testimony at the sentencing phase, where he focused on his lifelong struggle with methamphetamine and alcohol, is in harmony with the defense presented during the guilt phase. The strategy proved unsuccessful, but that does not mean that counsel was ineffective in any of the ways cited by Mr. Bunch.

For the reasons cited herein, we recommend the petition for writ of habeas corpus be dismissed with prejudice, and the request for relief be denied.

IT IS SO ORDERED this __8__ day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE